**Muirum VELASQUEZ–PAGON, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 07–74967.

United States Court of Appeals, Ninth Circuit.

Submitted June 29, 2010.*

Filed July 15, 2010.

Sharon A. Healey, Law Office of Sharon A. Healey, Seattle, WA, for Petitioner.

Katharine Clark, Esquire, U.S. Department of Justice, Washington, DC, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: ALARCÓN, LEAVY, and GRABER, Circuit Judges.

MEMORANDUM **

Muirum Velasquez–Pagon, a native and citizen of Honduras, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing her appeal from an immigration judge's decision denying her application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Parussimova v. Mukasey,* 555 F.3d 734, 738–39 (9th Cir.2009), and we deny the petition for review.

The agency denied Velasquez–Pagon's asylum application as time barred, and Velasquez–Pagon does not challenge this finding.

Substantial evidence supports the BIA's conclusion that Velasquez–Pagon failed to establish that one central reason for the problems she experienced in Honduras was her sexual orientation. *See id.* at 740–41 (9th Cir.2009) ("[t]he Real ID Act requires that a protected ground represent 'one central reason' for an asylum applicant's persecution"). Substantial evidence also supports the agency's determination that Velasquez–Pagon did not establish a clear probability of future persecution because her voluntary return trip to Honduras undermined her claim. *See Loho v. Mukasey,* 531 F.3d 1016, 1017–18 (9th Cir. 2008).

Velasquez–Pagon does not raise any arguments in her opening brief regarding the agency's denial of her CAT claim. *See*

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*Martinez–Serrano v. INS,* 94 F.3d 1256, 1259–60 (9th Cir.1996).

**PETITION FOR REVIEW DENIED.**